## BARNETT *vs.* GRIFFITH and others.

A agreed with B, at the execution of a mortgage by the former to the latter, that part of the amount for which it was given, should be applied to the payment of two mortgages, then liens upon the premises embraced in that mortgage, and certain other lands, and that the balance of it should be expended in building a house on the premises covered by B's mortgage. A had purchased the lands, subject to the two mortgages. At the execution of· the mortgage, A's wife was a minor. Afterwards, but before the registry of the mortgage, a building was commenced on the lot covered by the mortgage given by A to B. Mechanics' liens for materials furnished in the construction of the building, are claimed to be liens prior to B's mortgage. *Held*—

1. B was subrogated to the rights of the mortgagee under the mortgages on the premises, when he took his mortgage, to the extent of the money paid by him on account of those mortgages. To that amount, with interest, his lien is prior to that of the lien claimants, and has a prefer. ence over the inchoate right of dower of A's wife in the *land*.

2. B's mortgage is entitled to priority over the dower right of A's wife in the *building*. to the extent of the money advanced by B, which was actually expended in the construction of the building.

3. The priority of B's lien is not affected by the fact that the payment on account of the existing mortgages, was made after the building was begun.

4. A's wife has no interest in the building.

5. The lien of A's wife, by virtue of her inchoate right of dower, is next in order of priority in the *land*, after the lien of B, to the amount paid by him on account of the existing mortgages; next, the lien claims, and last, the balance of the amount due on B's mortgage.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. W. J. Magie,* for complainant.

*Mr. A. Dutcher,* for Mrs. Griffith.

*Mr. W. P. Wilson,* for Jonas E. Wuchter, lien claimant.

*Mr. R. S. Green,* for William S. Killin, lien claimant.

THE CHANCELLOR.

The only question presented for consideration on the hearing was, whether the complainant's mortgage is entitled to priority over the lien claims and the inchoate right of dower of the wife of William J. Griffith, the mortgagor. The complainant's mortgage is for $4000 and interest, and is dated December 1st, 1871. It was recorded on the 9th of January, 1872. It was given by Griffith and his wife to William F. Van Deventer, by whom it was assigned to the complainant. When it was made, it was agreed between Griffith and Van Deventer that part of the amount for which it was given should be applied to the payment of two mortgages given to Laura D. Hopping, both upon the mortgaged premises. One of those mortgages was for the sum of $900 and interest, and was upon the lot covered by the complainant's mortgage and two adjoining lots; and the other was for $1600 and interest, and was on the lot covered by the complainant's mortgage and one of those other lots. Griffith purchased the three lots

subject to those mortgages. The lots were each fifty feet front and rear, by one hundred and thirty-six feet in depth. The balance of the money was to be employed in building a house on the premises covered by the complainant's mortgage. It is proved that of the money secured by that mortgage, $1250 were paid by the mortgagee himself on account of the two prior mortgages above mentioned, and, of the rest, $2253.57 were used by Griffith in constructing the building. At the time of the execution of the complainant's mortgage, Mrs. Griffith was a minor. She insists that, therefore, her inchoate right of dower in the mortgaged premises cannot be sold by virtue of the mortgage. On the other hand, the complainant insists that, as to so much of the money secured by his mortgage as went towards the payment of the Hopping mortgages, subject to which, as before mentioned, the premises were conveyed to her husband, and as to so much of that money as was used in constructing the building, and so improving the premises mortgaged to him, she ought not to be permitted in equity to set up her inchoate right of dower against his mortgage. He claims the right of subrogation as to the $1250 paid on account of the two mortgages; and as to the money used in constructing the building, he claims to have an equity superior to her claim. He insists that he is entitled to priority over the lien claims, on the ground that the building had not been commenced when his mortgage was put on record; and he also insists, that if it should be found by the court that the building was begun before the mortgage was recorded, he is entitled to priority over the lien claims to the same extent, and for the same reasons, as over the claim of dower.

The weight of the evidence as to the time when the building was begun, is against the complainant. Van Deventer, indeed, testifies positively, and, as he states, from particular observation, that the building was not begun until after the mortgage was recorded, but the mason in whose contract the digging of the cellar was included swears, with equal positiveness, that the cellar was dug and completed by the 21st

of December, 1871, and he supports his testimony by the entry in his book on the subject, which was made after the cellar was dug, and which is between the dates of the 19th and 21st of December. He also testifies that the laying up of the cellar wall was commenced on the 3d of January, 1872. The mortgage was recorded on the 9th of that month. Griffith's testimony is the only other evidence on the subject. He refers, however, not to the time when the mortgage was recorded, January 9th, 1872, but to the time of its date, December 1st, 1871. He says that at the date of the mortgage no building had been commenced on the mortgaged premises. Mr. Van Deventer's language is similar, but he refers to the time of recording the mortgage. He says he went to the land a day or two after the mortgage was recorded, and " no building was then commenced." Whether he would consider the digging of the cellar and laying up the wall, the beginning of the building, does not appear. The complainant's mortgage is not entitled to priority over the lien claims on the ground that it was recorded before the building was begun. Nor is it entitled to preference over them as to the money secured by it, which was, pursuant to agreement between the mortgagor and mortgagee to that effect, expended in the construction of the building. In *Taylor* v. *La Bar*, 10 *C. E. Green* 222, it was held that a mortgage recorded before the commencement of a building, and given to secure advances to be made to pay for the construction of the building, for the payment of which advances in installments the mortgagee bound himself by written agreement when the mortgage was given, was entitled to priority over a lien claimed under the mechanics' lien law for work done in the construction of the building, although all of the advances were, in fact, made after the beginning of the work on the building. In this case the mortgage was not recorded before the commencement of the building. But the complainant's mortgage is entitled to priority over the lien claims, in respect to the money paid by him out of the

Barnett *v.* Griffith.

money intended to be secured by his mortgage upon the Hopping mortgages, which, at the time of the payment, were liens only on the lot covered by the complainant's mortgage and the adjoining lot, the other lot having been released. The complainant advanced the money paid on account of those two mortgages, on the security of his mortgage, and to release the mortgaged premises from the encumbrance of those mortgages, which were prior liens to his mortgage and to the claims of the lien claimants. He is entitled to be subrogated to the rights of the mortgagee under those mortgages, to the extent of the money paid, and interest thereon.

It appears by the evidence, that the payment on account of the two mortgages was made after the building was begun, and it was no more than the due proportion which the lot mortgaged to the complainant should have borne, for the three lots were equal in value, and one of them had, as before remarked, been released. In *Payne* v. *Hathaway*, 3 *Verm.* 212, it was held, that where a lender advanced money to pay off an encumbrance on land upon which it was agreed that he should be secured by mortgage for his advance, and after the advance and application of the money to the payment of the encumbrance his security failed for want of title in the mortgagor, he was entitled to subrogation. The court were of opinion that the agreement between the debtor and the lender gave the latter an equitable claim to subrogation, which should have regularly been made by a transfer of the mortgage on payment thereof.

As to the equities claimed against Mrs. Griffith's inchoate right of dower : There is no evidence whatever of any fraud on her part. The complainant's mortgage stands precisely as if it had not been signed by her. So far as the money advanced for payment on account of the two mortgages subject to which her husband held the mortgaged premises, is concerned, the complainant is entitled to subrogation as against her, and therefore to a preference over her right of dower. He has a right to look for his indemnity to the security which was so paid off, in part, with his money. *Chiswell* v.

*Morris*, 1 *McCarter* 101. But here the preference of the mortgage over the right of dower must end, so far as the land is concerned. But the proof is that the rest of the mortgage money was actually invested in the building on the premises. To that extent the complainant's mortgage is entitled to priority over the right of dower in the building. Where the land is aliened in the lifetime, of the husband, dower is recoverable only to the amount of one-third of the value of the land at the time of the alienation. The dowress is entitled to no benefit from improvements made by the alienee. *Van Dorn* v. *Van Dorn*, 2 *Penn.* 697 ; *Coxe* v. *Higbee*, 6 *Halst.* 396. On this principle the wife in this case is not, as she clearly and obviously is not in justice and equity, entitled to any interest in the building. As far as the value of the building is concerned, her claim will not avail against either the mortgage or the lien claims.

The result is, that out of so much of the proceeds of the sale of the mortgaged premises as will represent the value of the land, the complainant will, in the first place, be paid the amount paid on account of the Hopping mortgages, and interest thereon from the time of payment, with his costs of suit. In the next place, out of the balance of the money representing the land, a sum equal to the present value of the inchoate right of dower therein will be paid to Mrs. Griffith. And out of the residue of the proceeds of the sale of the property, in the first place, the lien claimants will be paid their claims, with interest and costs, and then the complainant will be paid the balance remaining due on his mortgage.