This suit is for the foreclosure of a mortgage executed on May 5th, 1927, by defendant Thomas E. Gilkinson, and Catherine L. Gilkinson, his wife, to complainant, to secure payment of the sum of $8,500, upon which default was made by the mortgagors. Of the aforesaid sum $7,977.04 was applied to the payment of a first mortgage lien held by the Greenville Heights Building and Loan Association, which mortgage was in default, and about to be foreclosed, and $522.96 was applied to payment of municipal tax liens. Complainant's mortgage was intended to be a first lien on the mortgaged premises. When said mortgage was executed and delivered the mortgaged premises were subject also to a second mortgage of $3,300 held by The Claremont Bank of Jersey City. The latter mortgage, by appropriate agreement, was subordinated, in priority, to complainant's mortgage. On March 31st, 1927, the defendant, Thomas E. Gilkinson, contracted with one John Bahr for the erection of a garage upon the rear part of the mortgaged premises. The contract price *Page 118 
was $1,300 — $800 to be paid in cash and $500 by Gilkinson's promissory note. Bahr, under the Mechanics' Lien law (P.L. 1898p. 538), claims priority over the mortgages of complainant and The Claremont Bank of Jersey City. The mortgagors, upon the execution and delivery of the aforesaid mortgage to complainant, made and delivered therewith their affidavit that there were no liens or encumbrances against the mortgaged premises other than the mortgage liens of Greenville Heights Building and Loan Association and The Claremont Bank of Jersey City, and municipal tax liens for the years 1925 and 1926. The affidavit recites also that the building then erected on the mortgaged premises had been erected thereon for a period of more than four months, and that no alterations, additions or repairs had been made to said premises within said period. The complainant's solicitors, in their examination of the mortgagors' title to the mortgaged premises, did not cause an inspection to be made thereof, and thus failed to ascertain that a garage was in course of erection thereon. On May 14th, 1927, complainant caused to be canceled of record the mortgage of Greenville Heights Building and Loan Association, caused the municipal tax liens to be discharged, and recorded its mortgage and the subordination agreement of The Claremont Bank of Jersey City. On May 27th, 1927, Gilkinson made and delivered to Bahr his promissory note for $1,300 in lieu of the cash payment of $800 and promissory note of $500 above referred to. Bahr negotiated said note with a lumber company in payment of a debt owing by him to said company. The note was not paid at maturity and Bahr reclaimed and has since retained same. On August 23d 1927, Bahr filed a mechanics' lien claim against the aforesaid premises and instituted a suit thereon wherein he claims priority over the aforesaid mortgages. I deem it unnecessary to determine in the matter sub judice whether Bahr's agreement to accept a promissory note of $500 in part payment of the contract price for the erection of the aforesaid garage, and his subsequent departure from said agreement by acceptance of the aforesaid promissory note of $1,300, and his manner of dealing with said note, may *Page 119 
not be considered as having waived any right to a mechanics' lien upon the mortgaged premises, or in lieu thereof did not waive right to a mechanics' lien to the extent of the sum of $500 for which he contracted to accept Gilkinson's note. The question submitted for my determination herein is whether the complainant should be subrogated to the mortgage lien of the Greenville Heights Building and Loan Association, and the tax lien of the city of Jersey City. The complainant, in my judgment, is entitled to be subrogated to the amount paid by it in satisfaction of the first mortgage lien held by Greenville Heights Building and Loan Association ($7,977.04) and the lien of the city of Jersey City for municipal taxes for the years 1925 and 1926 ($522.96), aggregating $8,500, with interest thereon from the date of complainant's mortgage. The mortgage lien of The Claremont Bank of Jersey City is subordinate only to complainant's mortgage. The proofs show that complainant's mortgage was intended to be a first lien on the mortgaged premises, and therefore the equitable principle of conventional subrogation is applicable, but even though such principle be regarded as inapplicable, I am of the opinion that the complainant is entitled to the benefit of the equitable principle of subrogation. In 25 R.C.L. 1340 § 24, it is said —
"The generally accepted view at the present time, however, is that it is not necessary that there should be an express agreement that the prior lien shall be kept alive for the benefit of one advancing money to pay it, or that it be assigned, but if from all the facts and circumstances surrounding the transaction it is clearly to be implied that it was the intention of the parties that the person making the advance was to have security of equal dignity and position with that discharged, then equity will so decree. In such cases equity, speaking from the standpoint of good conscience, substitutes the person so paying the debt to the place of the original creditor, so far as to enable him to enforce the security for the purpose of reimbursement."
The principle of subrogation is well recognized in this state. It is urged in behalf of Bahr that complainant was merely a volunteer; it is likewise urged that this court should refuse to award to complainant the right of subrogation *Page 120 
because of its failure to ascertain that at the time of the execution and delivery of complainant's mortgage a garage was being erected upon the mortgaged premises for which said premises might be subject to a mechanics' lien. While it has been held that as a rule equity will refuse to rectify a mistake which occurred through inexcusable negligence of a party who asks to be relieved from the effect of the mistake, and the act done by mistake is one calculated to induce others to take a course of action which will put them to loss if such mistake is corrected, and it ought to clearly appear that the party asking for relief has been led into the mistake notwithstanding the exercise of due diligence, nevertheless, it has also been held that where, as in the case sub judice, no one is injured by the mistake, and no one has changed his position by reason of the act executed through the influence of the alleged mistake, there is no good reason why the mistake should not be corrected although the highest degree of vigilance has not been exercised. It has been repeatedly held that negligence arising out of the failure of a party to procure proper searches should be considered with reference to the effect on the rights of others. If the complainant had caused an inspection to be made of the mortgaged premises it would readily have ascertained that the aforesaid garage was in course of erection, and thus be put upon notice of inquiry respecting such right as the building contractor may have claimed by way of mechanics' lien, but complainant's neglect in this respect cannot operate as a bar to the equitable relief sought herein, particularly for the reason that Bahr, the mechanics' lien claimant, is not in anywise injured thereby. Such negligence as may be imputed to the complainant in examination of mortgagors' title cannot be relied upon by Bahr as a bar to the relief sought by complainant herein. In 25 R.C.L. 1340 § 24, it is said —
"There are numerous decisions to the effect that one satisfying an encumbrance at the request of the property owner, upon the understanding that he is to have a first lien upon the property released, acting in ignorance of a junior lien on the property, although it is on record, is entitled to subrogation to the rights of the first lien holder; to substitute one creditor for another would apparently place *Page 121 
the junior lienor in no worse position than he was. So it has been held that an agreement for subrogation in favor of one paying a prior mortgage is not necessary to effect such subrogation as against the holder of an inferior judgment lien of the existence of which he is ignorant, if he makes the advance with the understanding that the mortgage shall be satisfied and that he shall have a first lien upon the property."
See, also, Seeley v. Bacon (N.J. Ch.), 34 Atl. Rep. 139;Institute Building and Loan Association v. Edwards, 81 N.J. Eq. 359.
In Sumner v. Seaton, 47 N.J. Eq. 103, it was held that "courts of equity have, in many cases, given parties the benefit of an honest supposition as to title where the slightest examination of the record or other equally available source of information would have disclosed their error." In Hill v.Ritchie, 90 Vt. 318, it is said: "An examination of the records would have disclosed the encumbrance, * * * a reinstatement of the security will simply leave him [Ritchie] in his original position. He will lose nothing * * *. Parties who have paid prior liens at the request of the debtor in ignorance of the existence of subsequent encumbrances have been held entitled to the remedy of subrogation, notwithstanding a failure to examine the records." Among the cases cited is Seeley v. Bacon, supra. InHomoeopathic Mutual Life Insurance Co. v. Marshall, 32 N.J. Eq. 103
(at p. 112), it was held that the complainant was entitled to the rights of the mortgagee whose mortgage was paid, and to the rights of the city of Elizabeth, to whom assessments were paid. In Barnett v. Griffith, 27 N.J. Eq. 201, it appears that complainant advanced the money paid on account of two former mortgages as security for his mortgage, and to release the premises from the mortgages which were prior to his mortgage and mechanics' lien claimants. It was held that the complainant was entitled to be subrogated to the rights of the mortgagee to the two mortgages to the extent of the money paid by him on account of those mortgages, and to that amount, with interest, his lien was prior to mechanics' liens for materials furnished in the construction of a building upon the mortgaged premises. I appreciate that the right of subrogation, a matter of equitable *Page 122 
jurisdiction, is always enforced with due regard to the legal and equitable rights of others. Gaskill v. Wales, 36 N.J. Eq. 527.
Nothing herein militates against the granting of the relief sought by complainant herein for the benefit of itself and The Claremont Bank of Jersey City in establishing priority over the mechanics' lien of the defendant John Bahr, if such lien be established in the proceedings now pending in the Hudson county circuit court. If complainant's bill and the prayer for relief therein is not so framed as to effectuate the relief sought by the complainant (and for the relief also of The Claremont Bank of Jersey City as second mortgagee) it may be amended to conform with the proofs herein so as to effectuate the purpose intended. I will advise a decree in accordance with the conclusions aforesaid.