This is a suit to restore the lien of a mortgage executed by defendant Greenblatt to complainant. In 1917, defendant Greenblatt borrowed $5,000 from complainant and secured the loan by a bond and mortgage on the premises in question. In 1936, interest was in arrears on the bond and complainant saw Greenblatt in regard to payment thereof. At Greenblatt's request, complainant reduced the interest rate from six per cent. to five per cent. and the sum of $125 was paid therefor. About the same time, complainant investigated the tax situation on the premises and discovered that there was the sum of nearly $1,500 due therefor. Complainant discussed this situation with Greenblatt, who told complainant that he would give a deed for the premises upon being repaid the sum of $125, the interest recently paid on the bond. This was agreed to, but when the time came to consummate the deal, Greenblatt notified complainant that title would be *Page 68 
conveyed to complainant by defendant Bebe Realty Associates, Incorporated, to which corporation Greenblatt said he had conveyed the equity, but which was owned and controlled by Greenblatt. There was delivered to complainant a bargain and sale deed of the corporation which recites that the conveyance was subject to existing encumbrances, but with covenants against acts of grantor. The $125 was returned to Greenblatt, and complainant surrendered his mortgage and receipted it for cancellation. Greenblatt immediately recorded the satisfaction of the mortgage. Complainant thereupon immediately paid most of the taxes due on the premises. In investigating the fact that in 1933 taxes had been paid, complainant discovered that defendant corporation had mortgaged the premises to defendant Charles C. Smith, to secure the payment of $8,000 and that in 1930, judgment had been entered against Greenblatt of upwards of $5,000.
As a result of these transactions on the record, complainant surrendered his $5,000 first mortgage, paid Greenblatt $125 and expended more than $1,000 in payment of taxes on the premises. In return for this, he received a deed for the premises, encumbered with what became of record a first mortgage and a judgment of upwards of $5,000.
It appears clearly to me from the testimony that the facts of the existence of the $8,000 mortgage and the $5,000 judgment were concealed from complainant and that there is no equity in the premises above the $8,000 Smith mortgage. Complainant therefore has exchanged a valid first lien for a worthless equity. Prior to the final hearing in this suit, complainant had secured a release from the lien of the judgment and the relief he now asks is that the lien of his mortgage with the concommitant addition thereto of the sums advanced by him for taxes be restored as a first lien prior to the lien of the Smith mortgage.
As far as defendant Greenblatt and Bebe Realty Associates, Incorporated, are concerned, there is no question that complainant is entitled to the restoration of his mortgage. It satisfactorily appears from the testimony that complainant and Greenblatt were old friends and that complainant placed *Page 69 
complete trust and confidence in him. He therefore made no independent investigation when he surrendered his mortgage. It is obvious that Greenblatt concealed the facts from complainant since no man in his senses would make such a bargain and no honest and fair man would accept it. Relief has been uniformly granted in such cases. Keen v. James' Ex'rs, 39 N.J. Eq. 527;Horton v. Handvil, 41 N.J. Eq. 57. The only possible question is as to whether the mortgage to Smith shall be allowed to stand, as prior to the restored mortgage of complainant. At the time the Smith mortgage was executed in 1933, it was, of course, a second lien. Smith's original rights will not be altered in any way if the complainant's mortgage be restored, there being no proof that Smith has suffered any detriment by reason of any act of his in any reliance upon the satisfaction of complainant's mortgage. Under such circumstances, no equity arises in favor of Smith to prevent the restoration of the mortgage as it existed before the satisfaction of the mortgage. Institute Building and LoanAssociation v. Edwards, 81 N.J. Eq. 359; Jackson Trust Co. v.Gilkinson, 105 N.J. Eq. 116; Home Owners' Loan Corp. v.Collins, 120 N.J. Eq. 266.
A decree will be advised granting to complainant the relief as prayed.