(48 Misc. Rep. 156)

In re STIKEMAN'S WILL.

(Surrogate's Court, Westchester County. August, 1905.)

CORPORATIONS—CONSOLIDATION—POWERS OF CONSOLIDATED CORPORATION.

Where testator named a banking corporation as his executor, and thereafter a trust company, organized under a special act of the Legislature which gave it no power to act as administrator or executor, merged with the banking corporation, the consolidated corporation did not succeed to the right to act as executor; the bank having gone out of the business as a separate corporation in consequence of the merger.

In the matter of the probate of the will of Hortense Stikeman. Petition dismissed.

Edward E. Sprague, for petitioner.
Charles R. Pelgram, for contestant.

SILKMAN, S. The petition for probate is made by the Title Guarantee & Trust Company.

The contestant urges that the Title Guarantee & Trust Company has no standing to petition for the probate of the decedent's will, for the reason that it is not named as executor in the instrument propounded. The Manufacturers' Trust Company, the corporation named as executor subsequent to the execution of the testamentary paper and on or about the 31st day of October, 1902, entered into an agreement of merger with the Title Guarantee & Trust Company. By the terms of this merger the capital stock of the Title Guarantee & Trust Company was increased by the sum of $375,000, and which increase was issued in exchange for the capital stock of the Manufacturers' Trust Company amounting to $500,000. The agreement of merger was carried out, the capital stock of the Manufacturers' Trust Company was retired, and it went out of business as a separate corporation.

The Title Guarantee & Trust Company was not organized under the general statutes, but under the name of the "German-American Loan & Trust Company of New York," and received its corporate life through chapter 392, p. 552, of the Laws of 1882. The powers given to it were the general powers and privileges of corporations other than money corporations. It was empowered to guaranty mortgages and titles to real estate, to act as fiscal or transfer agent, trustee, guardian, receiver, court depository, etc. What power it was given to do a banking business is contained in the following language:

"To receive deposits of money, securities and other personal property from any person and to loan money on real or personal security."

This language is similar to that used in section 156 of the Banking Law. Heydecker's Gen. Laws, p. 3026, c. 37. The charter was amended by chapter 367, p. 551, of the Laws of 1883, and its powers were somewhat enlarged, but I do not find any specific mention of the power to act as executor or administrator. By chapter 167, p. 186, of the Laws of 1884, the name of the "German-American Loan & Trust Company of New York" was changed to that of the "Title Guarantee & Trust Company." The merger of the Title Guarantee

& Trust Company and the Manufacturers' Trust Company, it is claimed, was accomplished under the authority of section 163 (page 3032) of the Banking Law, which reads:

"Every trust company incorporated by special law shall possess the powers of trust companies incorporated under this chapter and shall be subject to such provisions of this chapter as are not inconsistent with the special laws relating to such specially chartered company."

One of the powers granted to trust companies incorporated under general law is the power to merge with another company so incorporated under section 34 (page 2973) of the Banking Law, and another is the power to accept the appointment of executor and trustee under a will or the office of administrator.

The attorney for contestant urges that the Title Guarantee & Trust Company is not a trust company within the contemplation of the language of said section 163. While I think the contention is without merit,—nevertheless, if this court were to determine the question as it is presented by the contestant, it would be called upon to decide a question which indirectly would vitally affect the rights and franchises of a corporation in which enormous interests are involved. It is a question, whatever the jurisdiction of this court, which should be determined by a court of superior power and jurisdiction, and upon the initiative of the people of the state through their Attorney General. It is sufficient, in order to dispose of this proceeding, to determine whether the Title Guarantee & Trust Company, by virtue of such merger, has succeeded to the right to act as executor under a will wherein the Manufacturers' Trust Company had been nominated. The answer, I think, must be in the negative. The powers, duties, and liabilities of the Manufacturers' Trust Company were strictly those of a banking corporation organized under the provisions of the general law. On the other hand, the Title Guarantee & Trust Company, while it may have all the powers, duties, and liabilities that would pertain to a corporation organized under the general law, nevertheless it has larger and greater liabilities and obligations by reason of its business of guarantying mortgages and the titles to real estate.

The will was made before there was any suggestion of merger between the two companies, and therefore it could not have been in contemplation of the willmaker at the time of the execution of his testamentary instrument. It is argued that all that the law permitted a corporation to do must be presumed to be in the mind of the trustmaker, but this, I think, would be straining the rule as to presumption beyond its legitimate purpose. We are to gather, if we can, the intention of the testator. We find him appointing a strictly and purely banking corporation as his executor and trustee. This corporation has gone out of existence, its capital stock has been retired, it has become part of the Title Guarantee & Trust Company, and all its assets (whatever they may have been) are now subject to all the liabilities and obligations of the Title Guarantee & Trust Company, whether such obligations have arisen under the banking side of their business or under the title and mortgage insurance side. There was no vested nor inchoate right obtained by the Manufacturers'

Trust Company by reason of its having been named as executor in the will. This right to administer became vested or inchoate only upon the death of the testator, and at that time the corporation named was not in existence, had no capital stock, nor any official existence as a distinct corporation.

The petition must be dismissed upon the ground that the petitioner is a stranger to the will and to its probate.