WEST RIVER POWER COMPANY *v.* FRED AND LOUISE BUSSINO.

January Term, 1940.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 6, 1940.

*Jack Crowley* and *Edwin W. Lawrence* for the plaintiff.

*Asa S. Bloomer* for the defendants.

STURTEVANT, J.   This is a suit in equity in which plaintiff seeks a decree establishing that its right to construct and maintain its line of poles and wires across defendants' farm is that of a licensee, without compensation, and that such license is irrevocable during the life of said line and for such other and further relief as is just and equitable.   Decree was entered dismissing the bill and the case is here upon plaintiff's exceptions.

The record shows the following material facts:

Plaintiff is a public service corporation organized in 1919 or 1920, operates an electric power system and serves the towns of Shrewsbury, Mt. Holly, and a part of Wallingford.   Defendants are husband and wife and as such own a small farm in Mt. Holly. In connection with its business, plaintiff has a power line leading from a sub-station at Mt. Holly across defendants' farm to Hortonville.   This branch was laid out in October, 1919, locating twenty poles on defendants' farm and was completed by plaintiff in August, 1920, since which time it has been in continuous operation, serving about fourteen customers.   At the time of this construction work upon defendants' farm Fred Bussino was not at home but Mrs. Bussino was there and knew about this matter. Defendants are the first customers to receive service after leaving the said sub-station.

At some time after August, 1920, defendants applied for electrical service at their house.   Plaintiff promptly made necessary installations which included placing a transformer and setting one pole.   Since this was done defendants have continued to receive electrical service from said distribution system and have been regular customers of plaintiff.

Defendants made their first objection to this line crossing their farm in 1931 which was after they had been receiving electrical service for some time.   On this occasion Mr. Bussino de-

manded that plaintiff should pay to defendants $200 damages because of plaintiff having built and maintained the line in question across their lands. This demand was not complied with and in 1933 defendants brought their suit in trespass against plaintiff in Rutland County Court which suit is now pending. The line as originally constructed is the one now in service.

Plaintiff in its brief presents two questions for consideration. First. It is claimed that defendants have acquiesced in the construction and maintenance of said line across their premises as a matter of law because of their failure to object thereto for a period of about eleven years. Therefore it is contended that defendants are now not in a position to insist that what plaintiff has done in building and maintaining its distribution system across said farm has been done without right.

This claim is without merit. When plaintiff built this line upon defendants' farm it knew, through its officers, that it was building on defendants' land and that no permission had been obtained to do so. Under these circumstances, as disclosed by the record, there was no duty on the part of defendants to warn plaintiff and so they are not prejudiced by failure to do so. *Boynton* v. *Hunt*, 88 Vt. 187, 189, 92 Atl. 153.

A cardinal principal in the doctrine of equitable estoppel is that he who claims it must show that he has been misled, and thereby prejudiced, by the conduct of the other party. *Boynton* v. *Hunt, supra,* 88 Vt. 187, 189, 92 Atl. 153; *Weinberg* v. *Norton,* 107 Vt. 279, 292, 178 Atl. 913. No claim is made that plaintiff has been misled by defendants' conduct, hence there is no equitable estoppel here.

Second. Plaintiff contends that defendants have made an implied waiver of any rights they might otherwise have had by asking for and receiving electrical service as hereinbefore stated.

A waiver is an *intentional* relinquishment of a known right. Since plaintiff claimed there had been an implied waiver, it had the duty of establishing same by showing some act or conduct on the part of defendants that was unequivocal in character. *Barber* v. *Vinton et al.,* 82 Vt. 327, 334, 73 Atl. 881; *Rogers* v. *Whitney,* 91 Vt. 79, 81, 99 Atl. 419.

Plaintiff points to no reason, nor can we see any, why defendants in asking for and receiving electrical service, under

circumstances disclosed by the record, have committed an act which shows unequivocally, as a matter of law, an intention on the part of defendants to forego any rights they may have had before making such application.

*Decree affirmed with costs to defendants.*