IN RE ESTATE OF HARRIS R. WATKINS, Dcd.,
HOWARD NATL. BANK & TRUST COMPANY, APPELLANT.

January Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed February 2, 1943.

*Guy M. Page, John J. Deschesnes, Frederick P. Smith* and *Grace J. Murphy* for petitionee.

*Lawrence & O'Brien* for petitioners.

MOULTON, C. J., This is a petition brought on June 11, 1941, to the Probate Court for the District of Chittenden by Emily Tenney Morgan, and her sons Richard Morgan and William S. Morgan, Marian Bayley Buchanan, and the latter's minor children, Lucia Bayley Buchanan, Edwin Bayley Buchanan, Ellen Grier Buchanan and Eustace Watkins Buchanan, represented by their guardian ad litem (hereinafter called the petitioners), all of whom are parties in interest in the estate of Harris R. Watkins, deceased, against the Howard National Bank and Trust Company (hereinafter called the petitionee). It is alleged that the City Trust Company, a banking corporation organized under and by virtue of the laws of the State of Vermont, which was the executor named in the will

of Harris R. Watkins and was appointed as such by the Probate Court has wholly ceased to function and carry on its corporate business, including the exercise of its authority and the performance of its duties as executor since March 12, 1931, and that the petitionee, a banking corporation organized and existing under and by virtue of the laws of the United States, which has not applied for appointment as executor or administrator with the will annexed, and has given no bond, and has not been appointed executor or administrator, has wrongfully and without legal right taken possession and control of the assets of the estate and has wrongfully undertaken and attempted to act as executor; and that the petitionee has, by its acts and conduct relating to the estate, become an executor de son tort, and that there is now no legal executor or administrator of the estate. The prayer is that some suitable person be forthwith appointed administrator with the will annexed, and for general relief.

The answer of the petitionee alleges that on March 12, 1931, the City Trust Company, theretofore the executor of the will of Harris R. Watkins, was consolidated with the Howard National Bank, a corporate instrumentality of the United States, into a corporation of the United States under the name and style of the Howard National Bank and Trust Company, having the same officers and directors as the City Trust Company, and, by virtue of the laws of the United States and in harmony with the laws of the State of Vermont, the powers, property, rights, obligations and duties of the City Trust Company as fiduciary, including the executorship under the will of Harris R. Watkins, devolved upon the consolidated corporation, the petitionee, and have been exercised by it; that the City Trust Company has continued its existence as a constituent part of the petitionee, and is an instrumentality of the United States the corporate existence of which the State of Vermont, since the date of the consolidation, has been without power to regulate, control or terminate, as such constituent part; that the consolidated corporation and its nature were known to the Probate Court, and by its decrees the petitionee was recognized as the executor, and that the petitioners knew of the merger and that the petitionee was acting as executor, and consented thereto and accepted payments made by it in pursuance to decrees of the Probate Court, and are therefore estopped, both by

the record and by matters *in pais,* to deny the right of the petitionee to act as executor.

After hearing, and making a written finding of facts, the Probate Court entered a decree by which it was adjudged that the petition should be allowed; that the City Trust Company has ceased to exist as a corporate entity, for the purposes of the case; and that a vacancy exists in the office of executor of the Estate of Harris R. Watkins, which vacancy must be filled by the appointment of an administrator with the will annexed. The petitionee has brought the cause to this Court on exceptions to the decree. The petitioners also excepted to certain of the findings of fact and to the refusal of the Court to comply with certain of their requests for findings.

The Maryland Casualty Company, surety on the bond of the City Trust Company, was made a party to this proceeding, and moved to be dismissed as being improperly joined. This motion was denied, but since no exception was taken, we give the matter no further attention.

We first consider whether the consolidation of the City Trust Company and the Howard National Bank caused the rights and duties of the City Trust Company, as executor of the Estate of Harris R. Watkins, to devolve upon the petitionee, the consolidated corporation, and automatically to constitute it the legal executor. Upon this question the following facts, found by the Probate Court, are pertinent:

Harris R. Watkins died testate on February 18, 1930, leaving him surviving his widow, Nellie E. Watkins, but no issue. In his will he named the City Trust Company, a banking corporation organized and existing under and by virtue of the laws of the State of Vermont, as his executor. After directing the payment of his just debts and funeral expenses, and bequeathing certain personal property to his widow, he devised and bequeathed all the residue of his substantial estate, both real and personal, to the City Trust Company, upon trust to hold, manage, invest and reinvest the same for the benefit of Mrs. Watkins and to pay over the net annual income to her during her life. Upon her death, and after the payment of two legacies, he directed the income from the trust fund to be divided equally between his nieces, Emily Tenney Morgan and Marian Bayley Buchanan, and paid to them in quar-

terly installments as long as they both should live; and within one year after the death of one of them, the fund to be distributed in equal shares to the issue of the two nieces.

The will was proved and allowed and the City Trust Company, having given the required bond, received its letters testamentary by decree of the Probate Court for the District of Chittenden on March 18, 1930, and thereupon took possession and control of the assets of the estate as executor.

Nellie E. Watkins died on April 14, 1930, and the two legacies, payable upon her death, have been delivered to the legatees.

On March 12, 1931, the City Trust Company was consolidated with the Howard National Bank, a banking corporation organized and existing under the laws of the United States, both corporations having prior to that time occupied the same banking rooms in Burlington in Chittenden County, and having had the same officers. The consolidation was effected under the authority of the Act of Congress of November 7, 1918, C. 209, sec. 3, as amended February 5, 1927, C. 191, sec. 1, 44 Stat. at Large, 1225, 12 U.S.C.A. 34 a, and received the approval of the Comptroller of the Currency of the United States on March 12, 1931, and a certificate of public good from the Commissioner of Banking and Insurance of the State of Vermont on March 6, 1931. The consolidated corporation took the name of the Howard National Bank and Trust Company, by its charter, granted under the laws of the United States. On June 1, 1932, the Secretary of State of the State of Vermont issued a certificate by which the charter of the City Trust Company was declared to be revoked because the franchise tax had not been paid on or before April 1 of that year, as provided by G. L. Chap. 46, Sec. 1046, (P. L. Chap. 43, sec. 1000.)

On or about the date of the consolidation the petitionee took possession and control of the assets of the estate and proceeded to act as executor, although it did not apply for appointment as administrator or furnish a bond and it has never received an appointment as administrator from the Probate Court. On July 31, 1931, it was appointed trustee of the trust fund established by the will, but the fund has never been decreed to it as such trustee. After March 12, 1931, the directors of the City Trust Company never took action as a board and the affairs previously conducted by that company were directed and controlled by the directors and officers of the petitionee.

The Act of Congress (Nov. 7, 1918, c. 209, sec. 3, as amended Feb. 25, 1927, c. 191, sec. 1; 44 Stat. 1225; 12 U.S.C.A. sec. 34-a) by the authority of which the consolidation was effected, is, so far as material, as follows: "Any bank incorporated under the laws of any state . . . . , may be consolidated with a national banking association located in the same county, city, town or village, under the charter of such national banking association," under certain conditions and procedure therein prescribed; "and all the rights, franchises and interests of such State . . . . bank so consolidated with a national banking association in and to every species of property, real, personal and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such national banking association into which it is consolidated without any deed or other transfer and the said national banking association shall hold and enjoy the same rights of property, franchises and interests including the right of succession as trustee, executor, or in any other fiduciary capacity in the same manner and to the same extent as was held and enjoyed by such State . . . . bank so consolidated with such national banking association. . . . . No such consolidation shall be in contravention of the law of the State under which such bank is incorporated. The words 'State Bank,' 'State Banks,' 'Bank,' or 'Banks,' as used in this section, shall be held to include trust companies, savings banks, or such other corporations or institutions carrying on banking business under the authority of State Laws."

The petitioners do not deny that all the steps prescribed by the Act as preliminary to the consolidation have been taken, and, the contrary not appearing, and especially in view of the approval of the Comptroller of the Currency, we assume that all these requirements have been satisfied. However, it is urged that the consolidation was in contravention of the law and public policy of this State, as of that time. It is true that there was no statute of this State permitting the consolidation of a State trust company and a national bank, for No. 123, sec. 6, Acts of 1933, (now a part of P. L. 6660) had not yet been enacted. But it is also true that there was no statute in terms prohibiting it. G. L. 5351 (now P. L. 6660) forbidding a savings bank or trust company to make a sale, lease or exchange of all of its assets without the consent of the Bank Commissioner, given on petition and after hearing, does not

apply to the situation because the consolidation was not a sale, lease or exchange of assets. *Worcester County Nat'l Bank, Petitioner,* 263 Mass 444, 162 NE 217, 219. Furthermore under G. L. 4926, as amended by No. 125, sec. 1, Acts of 1919, the sale, lease or exchange of assets, even with the Bank Commissioner's consent, could only have been to another corporation "authorized to do business under the laws of this State," which, of course, a national bank is not. Nevertheless in the absence of any statutory interdict we are unable to discern a public policy of this State, that would operate to prevent a consolidation of State and National banks under the Acts of Congress. Specific statutory authorization was not necessary. *Casey* v. *Galli,* 94 US 673, 24 L ed 168, 169; *Worcester County Nat. Bank, Petitioner, supra,* 162 NE at p. 220. We hold that the consolidation of the City Trust Company and the Howard National Bank was not in contravention of our law, or of our public policy.

The answer to the question whether upon the consolidation, the petitionee automatically succeeded to the executorship of the will of Harris R. Watkins depends upon the law of this State, for, as was held in *Ex Parte Worcester County National Bank,* 279 US 347, 49 S Ct 368, 371, 73 L Ed 733, 61 ALR 987: "It is very clear to us that Congress, in the enactment of section 3 of the Act of February 25, 1927, (12 USCA Para. 34 a), was anxious even to the point of repetition to show that it wished to avoid any provision in contravention of the law of the state in which the state trust company and the national bank to be consolidated were located."

▮ Where there is no statute providing that the charter of a state trust company shall become void when it is consolidated with a national bank, it has been held that the corporate identity of the trust company is not destroyed and its charter is not dissolved by the consolidation. *Commonwealth* v. *First National Bank of Easton,* 303 Pa 241, 154 A 379, 382; *Commonwealth* v. *Merchant's Nat. Bank of Allentown,* 323 Pa 145, 185 A 823, 826; *Guardian Depositor's Corp'n.* v. *Currie,* 292 Mich 549, 291 NW 2, 5; *In re Barreiro's Estate,* 125 Cal App 153, 13 P2d 1017, 1025; *Adams* v. *Atlantic Nat. Bank,* 115 Fla 399, 155 So 648, 651. In this respect *Worcester County Nat. Bank, Petitioner,* 263 Mass 444, 162 NE 217, aff. 279 US 347, 49 S Ct 368, 73 L Ed 733, 61 ALR 987,

and *Hofheimer, Exr.* v. *Seaboard Citizens' Nat. Bank of Norfolk,* 154 Va 392, 153 SE 656 (cert. den. 283 US 855, 51 S Ct 648, 75 L Ed 1462) are distinguishable, because in each of these cases there was a state statute which rendered the charter of the trust company void upon the consolidation. Whether this construction should be given to the provisions of P. L. 6660 we have no need to inquire, because that statute had not been enacted in its present form at the date of the consolidation here in issue. See Acts 1933, No. 123 para. 6. It is enough to say that at that time no statute of this state declared the charter of the trust company void upon the event of consolidation.

 We do not, however, agree that because the corporate identity of a state trust company is thus preserved our law permits the transfer of the office of executor, which it legally exercised before the consolidation, to the consolidated corporation. In reaching this conclusion it is not necessary to hold that in the appointment of an executor a Probate Court of this State discharges a judicial function which cannot be impaired by the Act of Congress, as was the case in *Worcester County National Bank, Petitioner, supra.* Nor is *Stevens* v. *First Nat. Bank and Trust Co.* 173 Ga 332, 160 SE 243, (cert. den. 284 US 684, 52 S Ct 201, 76 L Ed 578) in point, because that decision dealt with the effect of a consolidation of a state and a national bank upon the claimed transfer of the office of administrator of an estate held by the state bank, which office was a judicial appointment; and what is said in the opinion concerning the right of succession to an executorship is in view of the common law rule, adopted in Georgia but which has been expressly abrogated here by P. L. 2783 (G. L. 3238), that the executor of an executor becomes ipso facto the executor of the first testator (p. 246, 160 SE). See *Mueller* v. *First Nat. Bank of Atlanta,* 171 Ga 845, 848, 156 SE 662, in which this rule was held to operate as a transfer of an executorship to the consolidated bank.

 In our law an executor is a person, or corporation empowered to discharge the duties of a fiduciary, appointed as such by the testator in his will. The Probate Court has no power of choice, for the office is held by virtue of the testator's selection. *Odlin, Gdn.* v. *Nichols, et al,* 81 Vt 219, 222, 69 A 644; *In re Bellows Estate,* 60 Vt 224, 227, 14 A 697; *Sabin* v. *Rounds,* 50 Vt

74, 77. The statute (P. L. 2774, formerly G. L. 3230) is peremptory that when the will has been proved and allowed the Probate Court shall issue letters testamentary to the testator's nominee, if he accepts the trust and gives the bond required by law. *First Nat. Bank* v. *Commissioner of Taxes,* 111 Vt 281, 296, 16 A2d 184. But although it has been held that an executor has sufficient interest in the estate to support the right of appeal from a decree by which his appointment is vacated, *In re Bellows Estate,* 60 Vt 224, 227, 14 A 697; *Foss, Trustee,* v. *Sowles,* 62 Vt 221, 226, 19 A 984, he has no right or interest in his trust that he can transfer or delegate to another. The trust arising from an appointment as executor is highly personal and is neither contractual in nature nor a property right. *Worcester County Nat. Bank, Petitioner,* 263 Mass 444, 162 NE 217, 222; *Atlantic Nat. Bank of Boston, Petitioner,* 261 Mass 217, 220-1, 158 NE 780. It is based upon the confidence placed by the testator in the particular person or institution chosen by him to administer his estate and distribute it in accordance with the provisions of his will.

■ It has been held that a testator who names a corporation as executor in his will is presumed to know that consolidations and mergers are possible and to have contemplated such corporate changes and assented to them. *Adams* v. *Atlantic Nat. Bank,* 115 Fla 399, 155 So 648, 651; *Chicago Title and Trust Co.* v. *Zinser,* 264 Ill 31, 35-6, 105 NE 718, Ann Cas 1915 D 931. We cannot accept this view, which in the absence of statute appears to strain the rule as to presumption beyond its legitimate purpose. *In re Strikeman's Will,* 48 Misc. 156, 96 NYS 460, 461; see also *Commonwealth National Bank of Boston, Petitioner,* 249 Mass 440, 450, 144 NE 443. Our law does not recognize any right to succession to the office of an executor by a person or corporation not designated by the testator in his will.

We hold that the petitionee did not become the legal executor of the will of Harris R. Watkins as the result of the consolidation of the City Trust Company and the Howard National Bank. It therefore becomes unnecessary for the purposes of this opinion to consider the claim that the bond furnished by the City Trust Company is effective as security for the conduct of the petitionee in relation to the assets of the estate.

■ Our next inquiry concerns the effect and consequences of

the revocation of the charter of the City Trust Company for the failure to pay its annual license tax. As we have seen, the petitionee asserts that since the date of the consolidation the State of Vermont has been without power to regulate, control or terminate its corporate existence. We do not adopt this view. The "franchise" of the state bank, the transfer of which is provided for in the Act of Congress (12 USCA para. 34 a) "can not mean its right to be a corporation. The right to transfer franchise powers of a corporation organized under the laws of one sovereignty to a corporation organized under the laws of a different sovereignty is extraordinary. It cannot be implied in the absence of explicit statutory enactment to that end." *Worcester County Nat. Bank, Petitioner,* 263 Mass 444, 451, 162 NE 217, 220, aff. 279 US 347, 357, 49 S Ct 368, 370, 73 L Ed 733, 61 ALR 987. See also, *Commonwealth* v. *Merchant's Nat. Bank of Allentown,* 323 Pa 145, 185 A 823, 826. At the time of the consolidation in the present case there was no statute of this State permitting the transfer of the City Trust Company's right to be a corporation. This right, therefore, remained subject to our law. *Commonwealth* v. *Merchant's Nat. Bank of Allentown, supra.* In *Commonwealth* v. *First National Bank and Trust Company of Easton,* 303 Pa 241, 154 A 379, 382, it was held that the State court had the authority to order the dissolution of a state trust company which had previously been consolidated with a national bank, since the trust company's charter still existed, and, although in a condition of suspended animation, the company was not legally dead.

▮ It follows that the State of Vermont had the power to terminate the corporate existence of the City Trust Company, in accordance with G. L. 1046 (now P. L. 1000) providing that: "Every corporation shall, by virtue of this section, except as otherwise provided, cease to exist as such corporation on the first day of April in any year during which the corporation has not on or before such day filed its annual license tax returns for the fiscal year beginning with the first day of the preceding February, and has not, on or before the first day of April in such year, paid to the State the annual license tax for such fiscal year. . . . ." Although the certificate of revocation was dated June 1, 1932, the City Trust Company, not having paid its annual license tax, ceased to exist as a corporation upon April 1, of that year. Its au-

thority as executor was thereupon extinguished, and it devolved upon the Probate Court "to grant administration to a suitable person," as required by G. L. 3240, now P. L. 2784, which is, undoubtedly, the exercise of a judicial function.

There remains for consideration the petitionee's claim of an estoppel, upon which issue the Probate Court has made voluminous findings. It would serve no purpose to repeat them all in detail, for they may be summarized as follows: The fact of the consolidation was known to the representatives of the petitioners and to the. Probate Court. On March 22, 1934, and September 18, 1936, the Register of the Probate Court issued certificates stating that "the City Trust Company now the Howard National Bank and Trust Company" had been appointed executor of the last will and testament of Harris R. Watkins, deceased, and had accepted the trust and given bond, and that the appointment had never been revoked but remained in full force. On December 22, 1939, the petitionee, describing itself as "the City Trust Company, now the Howard National Bank and Trust Company" applied to the Probate Court for a license to sell certain real estate belonging to the estate, and after hearing, the application was granted. On April 24, 1933, and again on May 24, 1934, after notice that the charter of the City Trust Company had been forfeited, the Probate Court decreed distribution of the income of the estate, on application by the petitionee made in the name of the City Trust Company, and with the consent of all parties. Accounts were filed in the Probate Court by the petitionee in the name of the City Trust Company, signed by the Assistant Trust Officer of the petitionee, who had no connection with the City Trust Company before the consolidation. The same officer sent copies of these accounts to the petitioners or their representatives, who knew that the directions for handling the estate were being given by the petitionee. Between the time of a hearing on an account, filed by the petitionee in March 1933, entitled "the substituted supplemental first account of the City Trust Company, executor of the last will and testament of Harris R. Watkins," (which hearing has never been completed), until the hearing on the application for license to sell real estate, in December 1939, no question as to the authority of the petitionee to act as executor was raised on behalf of the petitioners. There is no finding that any decision was made upon this point. The repre-

sentatives of the petitioners became satisfied that the bond given by the City Trust Company continued effective as to the petitionee, and the surety thereon admitted its liability in this respect. On very many occasions, set out in detail in the findings, the guardian ad litem of the minor petitioners and the attorney for the others, in letters to the petitionee and its officers and to the Probate Court concerning the accounts submitted, the disposition and management of the property of the estate, and the investment of its funds, referred to the petitionee as the executor and to its accounts as executor's accounts. These letters covered the period from March 8, 1933, to September 30, 1940.

The burden of proving an estoppel rests upon the party asserting it, and he must establish all the facts necessary to constitute the defense. *Cleveland* v. *Rand,* 90 Vt 223, 229, 97 A 989; *West River Power Co.* v. *Bussino,* 111 Vt 137, 139, 11 A2d 263; See also *North Troy School Dist.* v. *Town of Troy,* 80 Vt 16, 24, 66 A 1033. It is essential to an estoppel that the party claiming it shall have relied upon the conduct of the party sought to be estopped, and in consequence of such reliance, shall have been induced to act to his prejudice. *West River Power Co.* v. *Bussino, supra; Vinton* v. *Atlas Assurance Co., Ltd.,* 107 Vt 272, 278, 178 A 909; *Weinberg* v. *Norton,* 107 Vt 279, 282, 178 A 913; *Spaulding and Kimball Co.* v. *Aetna Chemical Co.* 98 Vt 169, 174-5, 126 A 588; *Stevens* v. *Blood,* 90 Vt 81, 86, 96 A 697; *Boynton* v. *Hunt,* 88 Vt 187, 188, 92 A 153; *Royce* v. *Carpenter,* 80 Vt 37, 46, 66 A 888. There is no finding that the petitionee relied upon, and was induced to act to its prejudice by, the conduct ascribed to the petitioners. Although reliance may be made to appear by inference from facts found to have been established (See *Ste. Marie* v. *Wells,* 93 Vt 398, 399, 108 A 270) there is no inescapable inference here, for the facts permitted the Probate Court fairly to conclude that there had been no reliance. We cannot presume that it drew any inference from the facts as found when to do so would result in a reversal. We indulge this presumption only in aid of the judgment or decree below. *Whitehead* v. *Whitehead,* 84 Vt 321, 322-3, 79 A 516. "We ought not, for the purpose of reversing a judgment, to read into the finding of facts something which is not there, and which is not a necessary inference from the facts found." *Adams* v. *Ladeau,* 84 Vt 460, 464, 79 A 996,

997. See also, *Trask* v. *Trask's Est.* 99 Vt 353, 355, 132 A 136; *Powell* v. *Merrill,* 92 Vt 124, 131, 103 A 259. Furthermore the principle of estoppel does not apply when the facts are known to both parties, or when both parties have the same means of ascertaining the truth. *Ex'rs of Judevine's Est.* v. *Trustees of Caledonia County Grammar School,* 93 Vt 220, 238, 106 A 836. And see *State* v. *Heaphy,* 88 Vt 428, 431, 92 A 813. The record amply shows that this was the situation in the present case.

 It is argued that the Probate Court, by the register's certificates to the effect that the "City Trust Company now the Howard National Bank and Trust Company" was appointed executor, by the license to sell real estate issued in the same terms, and by the decrees and accounts, has recognized the petitionee as the qualified executor, and so it ought to be presumed that it had qualified as such. But the Probate Court had no power to appoint it executor. The Court might, after the dissolution of the City Trust Company's charter, have appointed the petitionee administrator with the will annexed, for a national bank may serve in this capacity. G. L. 5447, now P. L. 6822. But there was no appointment to this office. No presumption can prevail against the express finding to this effect. The decrees and the other proceedings seem to have been based upon the erroneous assumption that the executorship had been transferred to the petitionee by force of the consolidation. We are not called upon to decide the effect of such decrees upon the rights of the parties. Upon no theory of estoppel or waiver could the Probate Court be precluded from an examination of the legal situation, and from determining the necessity of appointing an administrator with the will annexed, as prescribed by P. L. 2784.

In view of what we have said in the foregoing opinion it is unnecessary to give attention to the exceptions of the petitioners.

*Decree affirmed and the cause remanded to the Probate Court for the District of Chittenden. To be certified.*