### American Fidelity Co. v. Harold Daniels et als

[163 A.2d 617]

May Term, 1960

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed September 6, 1960

*Witters, Longmoore & Akley* for the plaintiff.

*Lee E. Emerson* for defendant Daniels.

**Hulburd, C. J.** This is a chancery proceeding seeking a declaratory judgment. The chancellor has decreed that the plaintiff, the

American Fidelity Company, is obligated to defend the defendants, Harold Daniels "and/or" Francis Morley under the terms of a specified insurance policy against any or all claims arising during the period that the policy was in force, within the terms of the policy and its endorsements, and to pay any claims against the said defendants within its terms. From this decretal order the plaintiff has taken its appeal to this Court. Only defendant Daniels has seen fit to contest the appeal here.

The large bones making up the skeleton of this controversy are as follows: On August 17, 1955, the plaintiff issued an insurance policy on defendant Morley's motor vehicle. On October 8, 1955, defendant Morley sold and delivered his truck to defendant Daniels. In the sale of the truck by Morley to Daniels, the number plates issued to Morley were left on the truck. It was further agreed, as part of the consideration of the sale, that the insurance policy should also remain in force.

The plaintiff was not notified of the sale nor of this arrangement. Thereafter, on February 13, 1956, defendant Daniels was involved in a motor vehicle accident with one Earl Elie. As a result, Elie brought suit against both Morley and Daniels. Elie has been made a defendant in this proceeding and has been temporarily restrained from prosecution of his action pending the court's determination of the plaintiff company's obligation in the premises. Following Daniel's accident with Elie, the insurance company first learned of the sale by Morley to Daniels of the truck and of the agreements between them incident thereto. As a result, the company cancelled its policy as of two days after the accident and returned the premium for the unexpired period of the policy to Morley.

By supplemental findings of fact, the pertinent provisions of the policy were found and set forth. These included the company's promise to pay on behalf of the insured, within specified limits, such damages for which the insured should become legally obligated "arising out of the ownership, maintenance, or use of the automobile." There was a further undertaking by the company to "defend any suit against the insured alleging such injury, even if such suit is groundless, false or fraudulent." The policy's definition of insured is found and set forth as follows:

"III. Definition of Insured: (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. The insurance with respect to any person or organization other than the named insured or such spouse does not apply: * * *"

The provisions of the policy relative to cancellation both by the insured and the company are found and set out but in connection with this appeal there appears to be no need to recite them.

In addition to the foregoing the court further found as follows:

"From and after the sale of the motor vehicle insured under said policy, on or about October 8, 1955, the defendant Morley had no title or interest in said vehicle. The operation of the truck by the defendant Daniels, after the sale and delivery thereof to him, was as owner. The accident of February 13, 1956, in which the defendant Elie is alleged to have been injured did not arise out of the ownership, maintenance or use of the automobile by the Defendant Morley."

In addition to the foregoing, the chancellor incorporated into his findings the conclusion that the agreement between Morley and Daniels that the insurance policy was to remain in force was of "no effect and is not binding on the petitioner in this case." He then further concludes: "The petitioner seeks, by this action, to secure ruling as to its liability under the policy and the Chancellor finds that, with full knowledge of the facts of the sale of the vehicle on or about October 8, 1955 from Morley to Daniels, and with full knowledge of the facts concerning the accident occurring on February 13, that the petitioner cancelled the policy as of two days after the accident and collected and retained payment for a period in which this accident occurred and that by this action they are estopped from denying liability under their policy. The Chancellor further finds that the petitioner, if it had, with the aforesaid full knowledge of the facts, cancelled its insurance policy, as it would have had a right to do, as of the date of the sale of

the truck, that it would not have had any liability under this insurance policy."

Based on his findings and conclusions which we have stated, the chancellor went on to decree that the plaintiff was obligated to defend both Daniels and Morley under the insurance policy issued by it.

The plaintiff argues that such a decree is not supported by the facts found. Under the terms of the policy, we have seen that the word "insured" includes "the named insured," "his spouse," and any person using the automobile "with the permission of either." But the chancellor has found, as the plaintiff points out, that Daniels was using the truck at the time of the accident "as owner." Hence, the plaintiff urges, Daniels does not come within the definition of those persons entitled to be covered by the policy.

It would seem apparent that the only category under which Daniels, the buyer, could hope to place himself would be that of one driving by permission. But permission implies a right of refusal. Here there could be none, since it was found that he, Daniels, was operating as owner. He had purchased the truck. It seems well settled that a motor vehicle operated by a purchaser cannot be said to be operated with the permission of the vendor. See 5 Am. Jur. p. 94 and cases cited. With this being so, Daniels has no basis for bringing himself within the terms of the policy and he is not entitled to its protection unless it be by waiver or estoppel. It was on this basis, and not otherwise, that the chancellor decreed as he did. He took the position that when the plaintiff, with full knowledge of the facts of the sale and with full knowledge of the facts of the accident, cancelled the policy as of two days after the accident and retained the premium for the period within which the accident occurred, that the company thereby became estopped from denying liability under its policy. In support of chancellor's decree to that effect, counsel for defendant Daniels summarized his position in his brief as follows: "It (the plaintiff) knew on February 15, 1956 it was leaving the policy in force on the date of the accident, that Morley was not the owner, that the policy had not been formally assigned and consent endorsed thereon, that there was no use of the vehicle within the terms of the policy by 'permission' and yet it elected to continue the policy in force for a period of time beyond the accident. By so doing it elected to treat

Daniels as the insured. By so doing it knowingly elected to place the stamp of approval upon an agreement between defendants, the policy was to remain in force and upon an assignment that it did not need to recognize. It could have refused to make an endorsement but it did not. By such conduct it knowingly waived its right to claim otherwise."

It will at once be seen that Daniels claims that his agreement with Morley amounted to an informal assignment of the policy, which the insurance company need not have recognized, because not in writing nor endorsed on the policy, but which the company elected to do. Actually, it would appear that the parties did not seek informally to assign the insurance policy. Rather, it would seem that they attempted, in a short-sighted effort, to make it appear that no sale had taken place and thereby obviate the necessity of an assignment of the insurance policy and a transfer of the motor vehicle registration. Assuming with defendant Daniels, however, that the transaction as to the insurance was essentially an assignment, though informal in character, it is to be noted that on cancellation of the policy the return premium was not paid to Daniels by the plaintiff. It was paid to Morley. The company recognized only the original insured to whom it had issued its policy. To the company, Daniels remained a stranger to the whole transaction. And so he was. This can not be said to be a recognition by the plaintiff of an assignment. To the contrary, it was a refusal to deal with any one but the "Named insured." There was nothing in the insurer's conduct, so far as Daniels was concerned, which entitles him to say that the company "has elected to treat him as the insured." To be in a position entitling him to assert the waiver claimed, defendant Daniels was bound to establish some act or conduct on the part of the plaintiff company which unequivocally recognized him as assignee. *West River Power Co.* v. *Bussino,* 111 Vt. 137, 139, 11 A.2d 263 ; 44 C.J.S. p. 1094. This he failed to do. Moreover, placing oneself in a prejudicial position in reliance upon the conduct of another is an essential element of claimed estoppel. *Vinton* v. *Atlas Assurance Co., Ltd.,* 107 Vt. 272, 278, 178 A. 909. No such change of position has been found. Whereas the plaintiff company's conduct could and did operate as a waiver so far as Morley, the "named assured," is concerned, it did not and could not serve to bring the

buyer, Daniels, within the coverage of the policy in the circumstances of this case. The chancellor's decree, therefore, was erroneous with respect to defendant Daniels and must be revised accordingly. In holding, as we do, that the plaintiff company is obligated to defend Morley, we are, of course, in no way attempting to pass upon the propriety of Elie's action against him. By the terms of the policy, the plaintiff company has agreed to defend the insured against any suits, even "groundless, false or fraudulent" ones. We are not concerned, therefore with whether or not Elie's suit against Morley is well grounded.

As a part of the consideration of the sale of the truck by Morley to Daniels, it was agreed that Daniels was to have the use of Morley's number plates. We have not overlooked the illegality of this transaction nor of the effect of partial illegal consideration. See 17 C.J.S. p. 677. However, since this aspect of the case has not been raised by the parties at any stage of the litigation, it is not available for our consideration. Certainly, Daniels is not prejudiced by our not going into this matter.

*Decree reversed as to defendant Daniels, and affirmed as to defendant Morley and cause remanded.*