HIRAM FRANCIS v. D. S. PARKS.

[IN CHANCERY.]

*Misled. Carelessness.*

If one is misinformed and misled and hence injured through his own carelessness, there is no ground for equitable relief ; thus, the orator, having given a mortgage on certain lands to the defendant to secure his debt, failed to pay the same, and the defendant brought an action of ejectment, obtained a judgment, and the court allowed the orator time to redeem, ordering the last installment to be paid May 1st, 1881. *Held*, that a bill alleging that the orator was misled and misinformed as to the time when the installment became due without alleging, or proving, how or by whom he was misled, and praying that the defendant be ordered to accept the amount of the installment in satisfaction of his judgment, should be dismissed.

BILL in Chancery.   Heard on bill, answer, traverse and master's report, March Term, 1882.   VEAZEY, Chancellor, ordered the bill to be dismissed.   The orator claimed in his bill, that, he, owning certain lands executed a mortgage of the same to the defendant; that on his failure to pay the defendant brought an action of ejectment, obtained a judgment, and the court under the statute allowed the orator time to redeem, ordering $52.16 to be paid in one week from the date of judgment; $100 by May 1st, 1880; and $900 by April 1st, 1881, with interest; that he intended to redeem the land; that he paid the first and second installments in season ; that he should have paid the last installment " had he not been misled and misinformed as to the date when it was provided when the same should be paid " ; that he supposed the money was payable May 1st instead of April 1st, and prayed, that the defendant be ordered to accept the amount of the last installment in satisfaction of his judgment.   The other facts appear in the opinion.

*J. E. Manley* and  *G. E. Lawrence,* for orator, cited 2 Wash. Real Pr. 222 ; 2 Spence, 687 ; 53 Vt. 92; 53 Conn. 195 ; 41 Vt. 496 ; 1 Vt. 395 ; 3 Vt. 581.

*Frisbie & Miller,* for defendant.

The opinion of the court was delivered by

ROWELL, J.   The only ground of relief alleged in the bill is, that the orator was misled and misinformed as to the time when the last installment became due under the judgment, but it is not alleged how nor by whom he was thus misled and misinformed. The answer denies the equity of the bill.   The orator must stand on the case made by the bill, and cannot rely for relief on any matter not therein stated, though shown by the master's report. The master has not found that the orator was either misled or misinformed in the premises.   He says that he may have understood in some way that the last installment was due on May 1st instead of April 1st, but if he did, it was the result of carelessness.   Such a finding affords no ground for equitable relief.

Decree affirmed and cause remanded.