CHARLES C. BALDWIN, ADMR. D. B. N. ESTATE OF M. M. TAPLIN
*v.* FLORENCE G. TAPLIN ET AL.

May Term, 1943.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and
JEFFORDS, JJ.

Opinion filed October 5, 1943.

292

*Lee E. Emerson* for the plaintiff.

*Arthur L. Graves* for the defendant.

SHERBURNE, J.  It appears from the findings of fact that M. M. Taplin died intestate on June 29, 1931, leaving a widow, Susie R.

Taplin, and a son, Charles R. Taplin, an only child. Soon afterwards Charles R. Taplin was appointed administrator of the estate. He served in that capacity until he resigned the trust early in 1937. On January 27, 1937, the plaintiff was appointed and qualified as administrator *de bonis non,* and is now serving in that capacity. The chancellor finds that at the date of his death the intestate was solvent in fact, and that on August 30, 1940, the estate was insolvent in fact and has since so remained. Among the assets in the estate, and so inventoried by Charles R. Taplin as administrator, was an undivided half interest in the Eldon M. LaClair and Estella M. LaClair note and mortgage, dated May 20, 1929. The other half interest therein was owned by Susie R. Taplin. The estate's one-half interest in this note and mortgage is the subject of this litigation. On August 15, 1931, Susie R. Taplin paid M. M. Taplin's funeral bill in the sum of $453.50. It did not appear that Charles R. Taplin requested this payment, but the payment was approved and ratified by him as administrator. On October 10, 1931, Susie R. Taplin loaned Charles R. Taplin, administrator, $100.00. This money was loaned for the purpose of paying taxes on real estate of the Taplin estate, and was so used. On October 11, 1932, she loaned him as administrator $200.00, and on October 19, 1932, she loaned him $75.00. These last two sums were expended by him in the payment of debts owed by him as administrator or by the estate. The chancellor states that he is unable to find precisely what debts were paid or what the nature of the same was. None of these four items, aggregating $828.50, appears in the administration accounts. These advances and loans were due to the fact that the estate was short of ready cash. On May 10, 1934, Susie R. Taplin called Charles R. Taplin's attention to her payment of the funeral bill and the three loans, and demanded payment. In response to this demand he, as administrator, assigned to her the one-half interest of the estate in the LaClair note and mortgage then amounting to $747.30. This assignment was made by him and received by her as payment, either in full or in part, of her foregoing claims. This was the only repayment ever made to her. Charles R. Taplin never applied to the probate court for leave to borrow money or to assign to Susie R. Taplin the one-half interest in the note and mortgage. The chancellor finds that the assignment was made and received in good faith. No book-

keeping entry of this transaction was then made, and the only account ever made of it appears in an interim account filed in the probate court on June 25, 1935. No hearing was had on this account until August 30, 1940. On that date, after having given the usual statutory notice by publication, the probate court held a hearing upon the accounts of Charles R. Taplin. The defendants Florence G. Taplin and Gilbert W. Groom had no actual notice of this hearing and did not attend. Upon the hearing the probate court found that the one-half interest of the estate in the LaClair note and mortgage was of the value of $845.00, and was assigned without consideration and should be an asset of the estate, and found a total shortage in Charles R. Taplin's accounts of $12,219.14, which was ordered to be turned over to the plaintiff. Susie R. Taplin died on December 23, 1935, leaving a substantial estate, which had been duly administered and closed before the bringing of this proceeding. Since May 10, 1934, she received $67.17 principal and $102.83 interest on the entire LaClair note and mortgage. On October 15, 1935, she assigned the note and mortgage to the defendant Florence G. Taplin without consideration, and since that date the said Florence has received $285.99 principal and $216.37 interest thereon. Florence was then the wife of Charles R. Taplin. She divorced him in 1939. On December 3, 1938, Florence assigned the note and mortgage to defendant Groom, her father, without consideration, and he has since received thereon $237.05 principal and $149.70 interest. On June 15, 1942, the sum due on the entire note and mortgage was principal $904.40 and interest $20.09. The plaintiff had no actual knowledge of the LaClair note and mortgage until March 1, 1940. He is chargeable with knowledge since the date of his appointment as administrator d. b. n. on January 27, 1937. In April, 1940, he demanded of the defendant Florence G. Taplin a return of the note and mortgage and an accounting of the sums which she and defendant Groom had severally received therefrom. This demand was refused. No part has ever been returned to the estate. At all times material all of the parties, except the plaintiff, knew that M. M. Taplin owned an undivided half of the note and mortgage, and that the same passed into his estate and was later assigned by Charles R. Taplin, Administrator, to Susie R. Taplin. Charles R. Taplin is bankrupt. The plaintiff has less than $100.00 in his hands to pay debts and

expenses of administration of several thousand dollars. If the one-half interest in the note and mortgage is recovered the avails will pay the current debts of the estate in part only. The chancellor finds that the defendants were not prejudiced by the failure of the plaintiff to bring this suit sooner.

The bill of complaint seeks to have the assignment of the estate's half interest in the note and mortgage set aside. The decree allows against the value of the estate's half interest in the note and mortgage of $747.30 on May 10, 1934, credits of $453.50 for funeral expenses paid by Susie R. Taplin and the sum of $100.00 advanced by her for the payment of taxes, and finds that on May 10, 1934, Susie R. Taplin was overpaid in the sum of $194.80, and that to this extent the transfer was a breach of trust. To this sum $97.62 interest to September 18, 1942, the date of the decree, is added, making a total of $292.42 to account for, and the one-half interest in the note and mortgage is impressed with a trust to secure its payment. The case is here upon exceptions by the plaintiff and upon exceptions by the defendants Taplin and Groom.

██ The defendants contend that, because of the payment of the funeral expenses and of the loans to the administrator, all totaling $828.50, the estate was enriched to that extent, and because the value of the one-half interest in the note and mortgage was only $747.30, the estate got more than it gave, and that on equitable principles the estate is not now entitled to recover any part of the note and mortgage. If this were a case where the court of chancery had jurisdiction to determine the propriety of the funeral expenses and of the uses to which the loaned money was put, there might be a basis for such a claim, but under our statutes the probate court is given plenary and exclusive jurisdiction in the matter of the settlement of estates, and the jurisdiction of the court of chancery in such matters is not original but special and limited, and only in aid of the probate court when the powers of that court are inadequate. *Smith* v. *White Estate,* 108 Vt 473, 479, 188 A 901; *Mathews* v. *Drew,* 106 Vt 245, 247, 172 A 638, and cases cited.

██ An administrator is a representative of limited authority. Speaking broadly, his duties are to collect the assets of the estate, pay its debts, and distribute the residue to those entitled. His powers are only those delegated to him by statute, and he has

no implied powers except such as are necessarily incident to those conferred. Beyond this, his contracts, though made in the name and for the benefit of the estate, bind him alone. If he attempts to pledge the credit of the estate in such a contract, his right to discharge the obligation out of estate funds depends upon its being so beneficial to the estate as to receive the sanction of the probate court. *Smith* v. *White Estate, supra; Hall* v. *Windsor Savings Bank,* 97 Vt 125, 143, 121 A 582, 124 A 593, and cases cited. He cannot borrow money and pledge the credit of the estate for its repayment. If money so borrowed actually goes to the benefit of the estate, the probate court may authorize its repayment. *Hall* v. *Windsor Savings Bank, supra; Merchant's National Bank* v. *Weeks,* 53 Vt 115, 118, 38 Am Rep 661. Upon his becoming insolvent, equity will not enforce the payment of such a debt out of the estate. *Rich, Exrs.* v. *Sowles, Admr.,* 64 Vt 408, 411, 23 A 723, 15 LRA 850. Although necessary funeral expenses under the provisions of G. L. 3376, in force when these expenses were incurred, and under P. L. 2926, as amended by No. 7 of the Acts of the Special Session of 1935-1936, if incurred prior to June 1, 1935, are debts against the estate, and, after paying the necessary expenses of administration, are preferred above all other debts (*Mathie* v. *Hancock,* 78 Vt 414, 417, 63 A 143), their payment must be ordered and allowed by the probate court before they can be charged to the estate.

█ As the administrator had not secured from the probate court authority pursuant to P. L. 2909 to assign the estate's interest in the mortgage, we have a situation much like that in *Hall* v. *Windsor Savings Bank,* 97 Vt 125, 121 A 582, 124 A 593, where an executor used trust funds to pay his personal debt and his creditor knowingly participated in the misapplication. It matters not that Charles R. Taplin as administrator and Susie R. Taplin made and accepted the assignment in good faith. They were both chargeable with knowledge of the law. Until the items amounting to $828.50 were approved by the probate court they could be nothing more than private debts of the administrator, and in accepting an assignment of the note and mortgage in payment thereof Susie R. Taplin acted at her peril.

█ It is of no avail to the defendants that there is no finding that the estate was insolvent in fact when the assignment was

made. Under our statutes all estates without representation of insolvency are settled as insolvent estates. *Smith* v. *White Estate,* 108 Vt 473, 478, 188 A 901; *Probate Court* v. *Indemnity Ins. Co. of North America,* 106 Vt 207, 211, 171 A 336, and cases cited.

■ It follows that the court of chancery did not have jurisdiction to allow a credit for the funeral expenses or the loans. Nor does the statute of limitations, pleaded in defendants' amended answers, bar a recovery here. Charles R. Taplin, as administrator, was a technical trustee. *Smith* v. *White Estate, supra; D'Amato* v. *Donatoni,* 105 Vt 496, 506, 168 A 564; *Reed* v. *Hendee,* 100 Vt 351, 353, 137 A 329; *Hall* v. *Windsor Savings Bank,* 97 Vt 125, 145, 121 A 582, 124 A 593. As said in the last case on page 137 of 97 Vt, 121 A, at page 585, omitting citations: "It may * * * be admitted that, as a general rule, whatever will bar an action by a trustee will also bar one by the *cestui.* But when a trustee unites with another in a breach of trust, the * * * rule does not apply. When this defendant knowingly participated in the misapplication of trust funds, it became a trustee *ex maleficio.* In the case of an express trust, the statute of limitations does not begin to run in favor of the trustee until he repudiates the trust and knowledge of this fact is brought home to the *cestui que trust.* So, too, in the case of an implied trust, the statute does not begin to run in favor of the implied trustee, and against the right of the *cestui,* until the latter knows, or in the circumstances ought to know, of the facts that give rise to his cause of action." So here Susie R. Taplin knowingly participated in the misapplication of the estate's half interest in the note and mortgage, and became a trustee *ex maleficio,* and the defendants as assignees with notice and without paying any consideration stand in no better position. *Veile* v. *Blodgett,* 49 Vt 270, 280.

As the estate is now insolvent in fact the creditors are the *cestuis que trustent,* and the plaintiff as administrator d. b. n. is the proper party to bring this suit. *Green, Admr.* v. *Sargeant,* 23 Vt 466, 477, 56 Am Dec 88. The record fails to show that either he or the creditors knew or ought to have known of the assignment of the estate's interest in the note and mortgage for the space of six years prior to the commencement of this suit.

■ The plaintiff excepted to the finding that on May 10, 1934, the date of the assignment, the half interest of the estate in the

note and mortgage was $747.30 on the ground that it was without evidence to support it and is contrary to the evidence. This note and mortgage was inventoried at $845.00, and the plaintiff argues that according to Charles R. Taplin's accounting in the probate court there is nothing to show that any payments had been made to him on the mortgage indebtedness. He further insists that the finding made by the probate court at the hearing on Charles R. Taplin's accounts, that the value of the estate's interest in the note and mortgage was $845.00, was binding upon the defendants and that they could not by any competent evidence prove otherwise in this suit. Manifestly the assignees of the estate's interest in the note and mortgage can only be liable for its value as and of the date of the assignment. We have not been furnished with the transcript of the testimony taken before the chancellor, and have no way of knowing that the indebtedness had not been reduced by payments made to Charles R. Taplin before the assignment. The fact that Charles R. Taplin's accounts in the probate court show no payments is not conclusive upon these defendants. As the findings show, his books were badly kept and his administration of the estate was unbusinesslike. Nor is the finding of the probate court binding upon the defendants. They were strangers to the probate proceedings. *Tierney* v. *Coolidge,* 308 Mass 225, 32 NE2d 198, 132 ALR 1349; *Lock* v. *Old Colony Trust Co.,* 289 Mass 245, 193 NE 892. This exception is not sustained.

The cause must be reversed and remanded for a new decree. Unless the defendants Taplin and Groom can be afforded relief in the probate court the plaintiff is entitled to an accounting from each of these defendants for one-half the payments of principal and interest upon the note and mortgage respectively received, and to have a one-half interest in the note and mortgage decreed to him. There can be no question but that upon a proper showing the probate court can afford relief in situations of this kind. As we have seen, an administrator cannot borrow money and pledge the credit of the estate for its repayment, but if money so borrowed actually goes to the benefit of the estate, the probate court may authorize its repayment; and necessary funeral expenses are debts against the estate. As between the administrator and the estate the allowance of payments made by him is determined upon his accounting in the probate court. But persons to whom he has

made payments for expenses of administration, or to whom he has repaid loans used for such purposes, are not parties to such accounting and are not bound thereby, as we have seen these defendants were not. Not being bound thereby such persons have a right in case such a payment or repayment is sought to be recovered, to have the probate court determine whether or not such payment, or any part thereof, was required by law or was beneficial to the estate, and in case of a repayment of a loan whether the loan, or any part thereof, actually went to the benefit of the estate, before a recovery is permitted.

*Decree reversed, and cause remanded, with directions that proceedings herein be stayed for thirty days to give the defendants, Florence G. Taplin and Gilbert W. Groom, an opportunity to apply to the probate court for the district of Orleans for a determination of whether the funeral expenses paid by Susie R. Taplin were in whole or in part a proper charge against the M. M. Taplin estate, and whether any or all of the sums of money borrowed of Susie R. Taplin by Charles R. Taplin, administrator, actually went to the benefit of said estate. If application is not so made to the probate court this cause shall proceed for an accounting and decree not inconsistent with the views expressed in the opinion; but, if application is so made, proceedings herein shall be further stayed pending the final determination thereof. To the extent, if any, that such items are found chargeable to said estate, these defendants shall have a credit in this cause, and only decreed to account for the balance of the one-half interest in the LaClair note and mortgage. Let the plaintiff recover costs from these two defendants.*