**NORTH EAST INSURANCE COMPANY**

**v.**

**CONCORD GENERAL MUTUAL INSURANCE COMPANY.**

Supreme Judicial Court of Maine.

Argued March 17, 1981.

Decided Aug. 7, 1981.

Monaghan & Leahy, Kevin G. Libby (orally), Portland, for plaintiff.

Berman, Berman & Simmons, P.A., John Sedgewick (orally), Gary Goldberg, Lewiston, for defendant.

Before McKUSICK, C.J., and GODFREY, NICHOLS, GLASSMAN * and CARTER, JJ.

McKUSICK, Chief Justice.

At some time prior to September, 1979, plaintiff North East Insurance Company ("North East") settled, for $17,000, a personal injury suit against one of its insureds as a result of an automobile crash. Later

---

* Glassman, J., sat at oral argument and participated in the initial conference, but died before this opinion was adopted.

discovering that defendant Concord General Mutual Insurance Company ("Concord General") had issued a policy of liability insurance potentially covering the automobile involved in the accident, North East brought this action against Concord General for "contribution" and "indemnity." On Concord General's motion, the Superior Court, Cumberland County, dismissed North East's complaint for failure to state a claim upon which relief could be granted, M.R.Civ.P. 12(b)(6). Subsequently, the Superior Court denied North East's motions for relief from the dismissal and for leave to amend its complaint brought under M.R.Civ.P. 60(b) and 15(a). Since we conclude that plaintiff's proposed amended complaint adequately pleads a case for restitution, we sustain its appeal and reverse the judgment below.

On November 6, 1975, an automobile driven by Peter Harrington, Jr., crashed, causing personal injuries to an infant passenger, Melanie-Ann Clark. At the time of the accident, Ruth Harrington, Peter's mother, owned an automobile liability insurance policy written by plaintiff North East. That policy listed as insured vehicles two automobiles, neither of which was the car involved in the crash. Peter Harrington was listed on the policy as a driver of the insured cars.

The injured minor's legal guardian brought a civil action against Peter Harrington and Ruth Harrington, alleging that Ruth Harrington owned the accident car. North East initially refused to defend the Harringtons, apparently believing that Peter Harrington owned the car involved in the crash and that he, therefore, was not insured under the terms of the policy issued to Ruth Harrington. North East subsequently discovered that the injured minor's guardian owned a policy issued by Maine Bonding & Casualty Company ("Maine Bonding") that apparently covered the minor for injuries caused by uninsured motorists. After obtaining an extension of time in which to answer the original complaint, North East brought a declaratory judgment against Maine Bonding to determine the companies' respective obligations to defend the Harringtons and to compensate the minor and her guardian in the event of a judgment against the Harringtons.

While the declaratory judgment action was pending, North East settled the original claim of the minor for $17,000 under a stipulation with Maine Bonding that the settlement was reasonable and that Maine Bonding would not raise the settlement as a defense in the declaratory judgment action. Also while the declaratory judgment action was pending, North East discovered that Ruth Harrington's daughter owned the car involved in the accident and that a policy issued by defendant Concord General apparently provided coverage for the minor's injuries.

After Concord General refused to reimburse North East for the settlement, North East brought the present civil action in the Superior Court. On April 2, 1980, that court granted a motion made by Concord General pursuant to Rule 12(b)(6), finding that North East had merely alleged a voluntary payment, made under no legal duty, to the injured minor and hence had stated no claim for relief against Concord General. The dismissal was unconditional and did not give plaintiff North East any leave to amend. On May 5, 1980, North East filed a motion to amend its complaint. The Superior Court denied that motion on June 20, 1980, on the ground that the April 2 dismissal had left no underlying action to amend. On June 24, 1980, North East filed a motion pursuant to Rule 60(b) for relief from the judgment of dismissal and a Rule 15(a) motion to amend the complaint. The Superior Court denied both motions, finding that North East had not shown grounds for relief under Rule 60(b). From this order North East has appealed. We sustain its appeal.

As an initial matter, Concord General argues that, because of the procedural posture of the case, this count should not review the

merits of the present appeal. Its position is that: (1) because North East failed to appeal the original dismissal of its complaint, it was precluded from seeking relief under Rule 60(b), and (2) because the Superior Court had once denied North East leave to amend its complaint, North East was precluded from further attempts to amend. We will deal with those arguments in reverse order.

It is clear that North East's initial motion, on May 5, to amend its complaint was inappropriate in that the Superior Court had dismissed the complaint without granting the plaintiff leave to amend. That action was an adjudication on the merits, M.R.Civ.P. 41(b)(3). Before plaintiff could amend its complaint, it needed relief from the judgment. The Superior Court denied plaintiff's first motion to amend only because the outstanding judgment precluded amendment. Plaintiff made the wrong motion, and the Superior Court correctly denied it. Plaintiff's procedural misstep, however, did not bar it from seeking further relief by way of making the proper motions.

Realizing its procedural error, North East subsequently moved, pursuant to Rules 60(b) and 15(a), for relief from the judgment and for leave to amend. Concord General's argument that that action was inappropriate and that North East's only course was to have appealed from the judgment of dismissal is unpersuasive. Although a Rule 60(b) motion is not a general alternative to appeal, *see Reville v. Reville,* Me., 370 A.2d 249, 252 (1977), and cannot be used to extend the time for appeal, *see Harris Baking Co. v. Mazzeo,* Me., 294 A.2d 445, 450 (1972), a motion under Rule 59(e) or Rule 60(b), coupled with a Rule 15(a) motion to amend is the only realistic procedural route to relief for a plaintiff whose complaint has been dismissed for failure to

state a claim. *See* Field, McKusick & Wroth, *Maine Civil Practice* § 15.3 (2d ed. 1970) ("The plaintiff who elects to stand upon his complaint and appeal from the judgment of dismissal is taking a serious risk"). *See also* 6 Wright & Miller, *Federal Practice and Procedure (Civil)* § 1489 (1971). Thus, the fact that North East brought a Rule 60(b) motion well within the time allowed for such a motion permits review in this court of the merits of North East's appeal from the Superior Court's denial of leave to amend, notwithstanding plaintiff's choice to shun a direct appeal from the dismissal of its original complaint.[1]

Plaintiff asserts that the hearing justice abused his discretion in denying plaintiff's motions under Rules 60(b) and 15(a). *See Laurel Bank & Trust Co. v. Burns,* Me., 398 A.2d 41, 45 (1979); *Sheepscot Land Corp. v. Gregory,* Me., 383 A.2d 16, 20 (1978). When a party desires to amend its complaint in conjunction with obtaining relief from a judgment of dismissal, it must show entitlement to relief under one of the six reasons for relief contemplated by Rule 60(b). *See* Wright & Miller, *supra* at § 1489. As a practical matter the Rule 60(b) and Rule 15(a) motions are decided together. "Thus the fact that the amended pleading offered by the movant will not cure the defects in the original pleading that resulted in the judgment of dismissal may be a valid reason both for denying a motion to amend under 15(a) and for refusing to reopen the judgment under Rule 60(b)." *Id.*

The converse should be true: Rule 60(b) and Rule 15(a) should be read together to provide relief "[i]f the underlying facts relied upon by a plaintiff may be a proper subject of relief." *Foman v. Davis, supra,* 371 U.S. at 182, 83 S.Ct. at 230 [decided under F.R.Civ.P. 59(e) and 15(a)]. Based on Rule 15's policy of facilitating

---

1. Defendant's further contention that dismissal of this appeal is warranted by reason of plaintiff's failure to provide a transcript of the hearing held in the Superior Court on the 60(b) motion is meritless. *See Foman v. Davis,* 371 U.S. 178, 181, 83 S.Ct. 227, 229, 9 L.Ed.2d 222 (1962).

decisions on the merits rather than on technical defects in pleadings, and on the equitable considerations underlying Rule 60, a Rule 60(b) motion for relief from a judgment of dismissal should be granted if the plaintiff's proffered amendment cures the defects of the original complaint.[2] *See* M.R.Civ.P. 60(b)(6) ("any other reason justifying relief from the operation of the judgment").

The Superior Court apparently found that North East's amended complaint had failed to cure the defects of the original and that North East had alleged no new facts showing that it was other than a volunteer when it settled the claim of the injured minor. Thus, the issue on this appeal is whether that determination was correct.

■ The basic substantive change in plaintiff's claim for relief is found in paragraph 14 of its amended complaint, which states, "Plaintiff's settlement of the Clark complaint was made under the mistaken belief that either North East Insurance Company or Maine Bonding and Casualty Company . . . were responsible to the claimant under their respective policies of insurance." In essence, North East is claiming entitlement to relief under the doctrine of "equitable subrogation," a concept derived from principles of restitution and unjust enrichment. *See Restatement of Restitution* § 162 and comment *b*; *see also Boney v. Central Mutual Ins. Co.*, 213 N.C. 563, 567, 197 S.E. 122, 126 (1938); *North-West Ins. Co. v. Western Pacific Ins. Co.*, 249 Or. 662, 439 P.2d 1006 (1968); *Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co.*, 132 Vt. 341, 343, 318 A.2d 659, 661 (1974). One who pays a debt that in equity and good conscience should have been paid by another succeeds to the rights of the payee against the other. *Id.* However, one is not entitled to subrogation if he voluntarily or officiously satisfies another's obligation, under no legal or moral obligation to do so or with no interest of his own to protect. *Trinity Universal Ins. Co. v. State Farm Mutual Ins. Co.*, 246 Ark. 1021, 441 S.W.2d 95 (1969); *Boney v. Central Mutual Ins. Co., supra; Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co., supra; see also* 16 *Couch on Insurance 2d* § 61:52 (1966); 73 Am.Jur.2d *Subrogation* § 22 (1974).

■ The term "volunteer" as an exception to the right to subrogation should be narrowly and strictly interpreted to allow liberal application of the doctrine of subrogation, *Boney v. Central Mutual Ins. Co., supra* 213 N.C. at 568, 197 S.E. at 126; *North-West Insurance Co. v. Western Pacific Ins. Co., supra* 249 Or. at 664–65, 439 P.2d at 1007, and any doubt as to the applicability of the exception should be resolved against the existence of volunteer status. 16 *Couch on Insurance 2d, supra* at § 61:54. One who pays the debt of another under a mistaken belief that he had an obligation to pay or interest to protect is not a volunteer and may be subrogated to the rights of the payee. *Ragan v. Kelly*, 180 Md. 324, 325, 24 A.2d 289, 295 (1942); *Boney v. Central Mutual Ins. Co., supra* 213 N.C. at 567, 197 S.E. at 126; *North-West Ins. Co. v. Western Pacific Ins. Co., supra* 249 Or. at 664, 439 P.2d at 1007; *Norfolk & Dedham Fire Ins. Co. v. Aetna Casualty & Surety Co., supra* 132 Vt. at 346, 318 A.2d at 662; *see also Restatement of Restitution* § 162, comment *b*; 73 Am.Jur.2d *Subrogation, supra* at § 24; *cf.* 66 Am.Jur. *Restitution and Implied Contracts* § 118 (1973).

■ In the instant case, plaintiff's complaint skeletally alleges a claim for relief based on principles of equitable subrogation. Plaintiff has alleged: (1) that defendant Concord General was primarily liable to the injured minor; (2) that it, North East,

---

**2.** Of course, it is within the discretion of the court to deny relief where the plaintiff has shown dilatoriness or bad faith, has repeatedly failed to cure defects in its pleadings, has unduly prejudiced the defendant, or otherwise shown itself to be unworthy of relief. *Cf. Foman v. Davis, supra* at 182, 83 S.Ct. at 230.

has discharged that liability; and (3) that it, North East, settled the Clark claim under the mistaken belief that it was potentially obligated to pay. These allegations are sufficient to support plaintiff's claim that it was not a volunteer.

Of course, our remand of this case simply gives plaintiff the opportunity to try its case. Plaintiff must prove that Concord General bore the primary liability to the injured minor, and must prove the amount of that liability up to $17,000. Plaintiff must also establish that it discharged that liability in full,[3] and must show some state of facts under which it could have believed it was potentially liable.

Even if North East was negligent in making the payment here involved, that negligence would ordinarily not bar restitution from the true obligor, see 3 Palmer, *The Law of Restitution* § 14.17 (1978), and we do not feel compelled to bar plaintiff, at the pleading stage, from seeking relief from a possible mistake, costly to it, that apparently provided a windfall for defendant. Moreover, to put plaintiff out of court because of technical deficiencies in its pleadings would advance neither the sound policy of encouraging insurers to settle promptly the claims of injured parties, see 3 Palmer, *supra* at § 14.10, nor the equally sound policy of our procedural rules of facilitating decisions on the merits.

The entry must be:

Judgment of the Superior Court reversed;

Remanded for entry of judgment granting plaintiff's motions to set aside dismissal and to amend its complaint; and for further proceedings consistent with the opinion herein.

All concurring.

---

**3.** The payor's right to subrogation depends on whether he has discharged the true debtor's obligation in full. *See Restatement of Restitution, supra* at § 162, comment *c*; 73 Am.Jur.2d *Subrogation, supra* at § 26.

