Suzanne Kusserow, Individually, and as next friend of Paul, Karl, and Adrie Kusserow; and as Executrix of the Estate of Bert K. Kusserow v. Blue Cross-Blue Shield Plan of New Hampshire-Vermont and Medical Center Hospital of Vermont

[437 A.2d 1114]

No. 371-80

Present: Barney, C.J., Billings and Hill, JJ., and Smith and Daley, JJ. (Ret.), Specially Assigned

Opinion Filed November 3, 1981

*Blum Associates, Inc.*, Burlington, for Plaintiff.

*Walke & Pratt, P.C.*, Montpelier, for New Hampshire-Vermont Hospitalization Service.

*Samuelson, Portnow, Miller & Eggleston, Ltd.*, Burlington, for Medical Center Hospital of Vermont.

**Barney, C.J.** This is an appeal from an order of the Chittenden Superior Court in an action for declaratory judgment brought by Suzanne Kusserow, individually and as executrix of the estate of Bert Kusserow, to determine the validity of a lien filed by the Medical Center Hospital of Vermont, and to declare the respective liabilities of the parties on an outstanding bill for services rendered to Bert Kusserow by the hospital just prior to his death in 1975.

The cause arose when Bert Kusserow, a doctor, husband of the appellant, was severely injured in an automobile accident on October 27, 1975. Following the accident Kusserow was hospitalized at the medical center, where he remained in intensive care until his death. Although Kusserow carried hos-

pitalization insurance under a Blue Cross-Blue Shield plan, to protect itself in the face of a mounting bill for services the medical center filed a lien against any recovery which might be made as a result of the accident. Pursuant to 18 V.S.A. § 2252, notice of the lien was given to the party allegedly responsible for the accident, to Aetna Life and Casualty Company, that party's insurance carrier, and to Bert K. Kusserow through his wife Suzanne.

When Bert Kusserow died on December 18, 1975, the bill for his care came to $34,764.58. That bill is the focus of this dispute. The appellant maintains that payment of this amount should come from Blue Cross-Blue Shield, under the insurance plan which was in effect at the time of the accident. Blue Cross contends that it is excused from its obligation to pay benefits because the appellant refused to cooperate with it.

The plan under which Bert Kusserow was insured specifically provided, under Article XI, "Subrogation," that

No Benefits Shall Be Provided For:

Any charges or expenses of any kind incurred by the Member in connection with injuries or diseases for which by law another person (natural, corporate or political) may be obliged to compensate him, unless and until the Member shall in writing grant THE PLAN an assignment of his right of recovery equal to the amount of benefits to be paid him hereunder in connection with injuries . . . and shall also agree in writing to take, at the expense of THE PLAN, such action, if any, as THE PLAN shall request him to take in order to enforce legal action, or otherwise, the liability of such other person, and to reimburse THE PLAN for the benefits so paid him and the expense of recovery, out of the sums recovered from such other person. It is agreed that if the Member shall neglect, for a period of six (6) months after written request is sent by Certified Mail by THE PLAN to the Member, to commence legal action, THE PLAN, by giving thirty (30) days written notice to the Member of its intent, may so proceed in the name of the Member and shall be subrogated to the right of the Member against such other person, provided that if THE PLAN recovers from such other person damages in excess of the amount of benefits paid,

or to be paid hereunder, then any such excess shall be paid to the Member less expenses of recovery thereof. The Member shall have the right at any time before final settlement to become an active party in such action and control its disposition.

Following the death of her husband, and in spite of the clear import of the subrogation provision, Suzanne Kusserow ignored repeated requests of Blue Cross to provide information necessary to the payment of benefits. On the advice of counsel she refused to grant Blue Cross an assignment of the right of recovery, or to comply in any manner with the requirements of Article XI.

On January 14, 1976, Mrs. Kusserow was appointed executrix of her husband's estate. In that capacity she submitted a claim to Aetna for his injuries and related medical expenses, including the $34,764.58 bill for hospital care at the medical center. At the same time she submitted a second claim to Aetna in her own right as widow and on behalf of her children, for the wrongful death of their husband and father.

The two claims were settled together in February of 1977 for a total of $225,000. At Suzanne Kusserow's request this amount was allocated $100 to the estate for the survival action, and $224,900 outside the estate for wrongful death, an allocation which Mrs. Kusserow admits was to her personal advantage. The superior court approved the settlement pursuant to 14 V.S.A. § 1492, and the probate court approved distribution. Neither the medical center nor Blue Cross had any notice of these proceedings, the net effect of which was to leave the estate of Bert Kusserow nearly insolvent. Alerted by the lien notice, Aetna was able to require that $34,764.58 of the settlement be put in escrow to secure it against any later claim brought by the medical center.

After making extensive findings of fact and conclusions of law, the trial court found no contract liability on the part of Blue Cross, and ordered the appellant, individually and as executrix of the estate, to pay damages of $34,764.58 plus interest to the medical center, and further denied appellant's request for attorney's fees.

On appeal the appellant seeks to avoid the lower court's judgment by arguing first, that the subrogation clause did not

apply to regulate her actions, and second, that even if the clause did apply to her it is invalid as an assignment of a personal injury claim, and therefore against public policy. She also contests the constitutionality of the hospital lien, and asserts that even if the lien is constitutional, the medical center failed to present it in time.

■■ Where the language of an insurance policy is plain and unambiguous, it must be given its plain and ordinary meaning. *Utica Mutual Insurance Co.* v. *Central Vermont Railway,* 133 Vt. 292, 336 A.2d 200 (1975). The subrogation clause here is written in just such language. It clearly establishes a condition precedent to the payment of benefits, and absent the assignment and agreements no obligation to pay arises on the part of Blue Cross.

■ The claim for payment of the hospital charges matured upon the death of Bert Kusserow, with presentation by the medical center of its bill for his care. It became Suzanne Kusserow's duty, upon her appointment as executrix, to pay that debt, and any other debts outstanding. *In re Wright,* 131 Vt. 473, 310 A.2d 1 (1973); *Baldwin* v. *Taplin,* 113 Vt. 291, 34 A.2d 117 (1943). Beyond this duty of executors generally, Bert Kusserow's will expressly directed his wife as executrix to pay any debts for his last illness before making distribution to herself as his beneficiary.

■■ Mrs. Kusserow had the power to achieve the payment of benefits by Blue Cross to the estate, and to pay the hospital charges, on behalf of the estate, to the medical center. 14 V.S.A. §§ 1401 et seq. and 1410. As a fiduciary, it was incumbent upon her to do so. In her representative capacity she had no right or interest in the estate which she could transfer to another, *In re Watkins' Estate,* 113 Vt. 126, 30 A.2d 305 (1943), and that disability extended to transfers to herself in her individual capacity.

■ The trial court found on agreed facts that Suzanne Kusserow could have insisted on, and would have been reasonably justified in obtaining, a settlement on behalf of the estate of a sufficient amount to pay the medical center's bill. But it further found that she refused to grant Blue Cross an assign-

ment of the estate's right of recovery, or to comply in any manner with the provisions of Article XI of the insurance contract, arranging instead to have the money attributable to the injuries of Bert Kusserow paid outside the estate to her advantage as an individual. By these acts she breached her duty as executrix.

 Nor do we find appellant's position with regard to the constitutionality of the subrogation clause any more in accord with the law of this state. Subrogation between an insurer and its insured is a doctrine which has been expressly approved in Vermont. 8 V.S.A. § 4203(4); *Norfolk & Dedham Fire Insurance Co.* v. *Aetna Casualty & Surety Co.*, 132 Vt. 341, 318 A.2d 659 (1974). Its purpose is purely equitable. *Id.* at 344, 318 A.2d at 661. While it is true, as appellant argues, that this case does not involve the recoupment situation of a typical subrogation, we believe that the clause under scrutiny here is supported by the same equitable considerations.

The parties to this contract are not strangers. Their relationship preceded this cause in time and subsumes it in substance. The interest of the insurer in any proceeds which might be recovered from the tortfeasor is limited to the amount of benefits to be paid on the insured's account, and the cost, if any, of recovering those proceeds. The insured, for his part, is entitled to become an active party in the action and control its disposition, and remains entitled to any proceeds recovered in excess of the benefits to be paid. We find nothing in this situation which warrants a departure from our policy as previously set out in regard to recoupments.

 Appellant also challenges the validity of the hospital lien, claiming a violation of due process standards. Vermont's hospital lien law, 18 V.S.A. § 2251 et seq., establishes an inchoate lien which arises automatically, but which must be filed, with proper notice, in order to be perfected. Because the lien comes into being at the time services are provided, cannot be perfected without notice, and attaches only to future recovery of damages by the patient or his estate, we are satisfied that it avoids any unconstitutional invasion of pre-existing property rights without sufficient notice or hearing.

We further reject appellant's contention that the medical center failed to present its claim against the estate in timely fashion, as prescribed by 14 V.S.A. § 1203(a). That section provides time limits for the presentation of claims which have not been presented for payment before. It is inapplicable here. The trial court concluded that the hospital's claim, represented by the lien which it perfected prior to Bert Kusserow's death, came within the exception to presentation authorized by 14 V.S.A. § 1204(2). We find that conclusion consistent with the legislative scheme and we agree.

The law limiting the presentation of claims against a decedent's estate is intended to advance the swift and orderly distribution of that estate, where that can be done without prejudicing the rights of the decedent's creditors. The objective is to assure creditors sufficient notice that the estate is being settled and fair opportunity to present their claims. 14 V.S.A. § 1201 et seq. When an executrix publishes notice to creditors in accordance with mandated procedure, claims which arose before the death of the decedent must be presented to the estate for payment within four months. 14 V.S.A. § 1203(a)(1). When an executrix fails to give notice, creditors holding such claims properly have a longer time period in which to submit them. 14 V.S.A. § 1203(a)(2). No presentation of claim is required in regard to matters claimed in proceedings against the decedent which were pending at the time of his death. 14 V.S.A. § 1204(2).

On November 7, 1975, the hospital filed its lien on any recovery of damages which Bert Kusserow or his estate might receive as a result of the automobile accident. When Suzanne Kusserow received notice of that filing she had full knowledge of the medical center's claim against her husband or his estate, and its intention to pursue that claim at law. We hold that where a hospital lien arises and is perfected, pursuant to 18 V.S.A. § 2251 et seq., prior to the death of a decedent, perfection of the lien constitutes "proceedings against the decedent . . . pending at the time of his death" under 14 V.S.A. § 1204(2), and excuses any further presentation of the claim to the executrix of the estate.

██ We find nothing in this case to warrant an award of attorney's fees. This appellant purposely evaded her fiduciary duty as executrix to pay the medical center bill. She knowingly prevented Blue Cross from collecting the amount due from the tortfeasor, and she has refused to honor the hospital lien herself. Such conduct by a fiduciary is unconscionable.

*Judgment affirmed.*